UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

        Plaintiff,

    v.

U.S. JUDGE WILLIAM CANBY, et al.,

        Defendants.

No. 2:13-cv-1018 GEB AC PS

ORDER AND FINDINGS AND RECOMMENDATIONS

        Plaintiff, proceeding pro se, filed this action on May 22, 2013 together with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

A.    Screening of Plaintiff's Complaint

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327.
4    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
9  this standard, the court must accept as true the allegations of the complaint in question, Hospital
10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12 McKeithen, 395 U.S. 411, 421 (1969).
13   In his complaint, plaintiff alleges that on January 23, 2013, defendants William Canby and
14 Richard Clifton, both circuit judges on the United States Court of Appeals for the Ninth Circuit,
15 denied plaintiff's motion to proceed in forma pauperis on appeal, on grounds that the appeal was
16 legally frivolous. Plaintiff contends that defendants could not properly have made such a
17 determination before plaintiff had filed his opening brief. According to plaintiff, defendants
18 stated that they would hear plaintiff's appeal if he paid the filing fee. However, plaintiff asserts
19 that he is indigent as a result of a disability and cannot afford the filing fee. Plaintiff claims that
20 defendants' decision violated his right to be heard and his right to due process under the
21 Fourteenth Amendment to the United States Constitution, and also violated the Americans with
22 Disabilities Act. As such, plaintiff purports to assert claims under 42 U.S.C. §§ 1981, 1983,
23 2000b & 12132, for which he seeks damages. See generally ECF No. 1.
24   In this case, the court need not reach the substance of plaintiff's claims because it is
25 readily apparent that defendants are absolutely immune from liability. "Judges are immune from
26 damage actions for judicial acts taken within the jurisdiction of their courts . . . Judicial immunity
27 applies however erroneous the act may have been, and however injurious in its consequences it
28 may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). A

judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.") Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly in excess of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of all jurisdiction . . . or performs an act that is not judicial in nature.")

Here, the order denying plaintiff's motion to proceed in forma pauperis on appeal was clearly a judicial act, because defendants issued the order in their capacity as the assigned circuit judges in an appeal before the Ninth Circuit Court of Appeals. Furthermore, even assuming *arguendo* that defendants somehow erred or acted in excess of their authority, defendants did not act in clear absence of jurisdiction when they issued an order in a case pending before them. Accordingly, defendants are immune from liability for damages.

Therefore, plaintiff's complaint must be dismissed. Furthermore, because plaintiff is unable to cure the defects of his claims against defendants by further amendment, the undersigned finds that granting leave to amend would be futile and recommends that dismissal be with prejudice. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

B.   Vexatious Litigant

   1.   Overview of Plaintiff's Court Filings in the Eastern District of California

Since 2011 and as of the date of these findings and recommendations, plaintiff has filed approximately 25 civil rights actions in this court, of which 16 have already been dismissed.[1]

---

[1] See Todd v. McElhany, 2:11-cv-2346-LKK-DAD; Todd v. Ellis, 2:11-cv-2598-GEB-JFM; Todd v. Ackley et al., 2:12-cv-470-JAM-GGH; Todd v. Bevins et al., 2:12-cv-708-MCE-KJN; Todd v. Briesenick et al., 2:12-cv-856-MCE-GGH; Todd v. Curtis et al., 2:12-cv-1323-MCE-EFB; Todd v. McElhany et al., 2:12-cv-1378-MCE-EFB; Todd v. Ichikawa et al., 2:12-cv-1379-MCE-GGH; Todd v. Ellis et al., 2:12-cv-1492-LKK-CKD; Todd v. Shoopman et al., 2:12-cv-
(continued…)

3

1  While this court lacks the time and resources to extensively review each of these cases, plaintiff's
2  lawsuits all target various persons directly or indirectly involved in custody proceedings
3  concerning plaintiff's son and daughter that are pending in the state courts. As another magistrate
4  judge of this court has observed, it appears that plaintiff is "attempting to use the federal courts
5  for the nefarious purpose of harassing the state court decision makers and others involved in his
6  child custody cases and/or family law matters." See Todd v. Shoopman et al., 2:12-cv-1768-
7  JAM-GGH, ECF No. 3 at 6.
8  In several previously-dismissed actions, plaintiff asserted claims against state courts
9  and/or the state court judges who presided over certain aspects of plaintiff's child custody cases
10 and proceedings, or alternatively, sought to appeal their orders in this court. See Todd v.
11 McElhany, 2:11-cv-2346-LKK-DAD, ECF No. 1 (involving Judge McElhany of Placer County
12 Superior Court); Todd v. Ellis, 2:11-cv-2598-GEB-JFM, ECF Nos. 1, 7 (involving Judge Ellis of
13 Solano County Superior Court); Todd v. Curtis et al., 2:12-cv-1323-MCE-EFB, ECF No. 1
14 (involving Judge Curtis of the Placer County Superior Court); Todd v. McElhany et al., 2:12-cv-
15 1378-MCE-EFB, ECF No. 1 (involving Judge McElhany of the Placer County Superior Court);
16 Todd v. Ichikawa et al., 2:12-cv-1379-MCE-GGH, ECF No. 1 (involving Judge Ichikawa of the
17 Solano County Superior Court); Todd v. Ellis et al., 2:12-cv-1492-LKK-CKD, ECF Nos. 1, 3
18 (involving Judge Ellis of the Solano County Superior Court); Todd v. Bahrke et al., 2:13-cv-657-
19 JAM-CKD, ECF Nos. 1, 2 (involving claims against several state court judges [including Chief
20 Justice Cantil-Sakauye of the California Supreme Court], state court commissioners, state court
21 executives, state court clerks, state court court reporters, etc.).
22 In the context of the above-mentioned cases, plaintiff has been instructed on numerous

---

1768-JAM-GGH; Todd v. Wang et al., 2:12-cv-1769-GEB-JFM; Todd v. Landrum et al., 2:12-cv-1770-LKK-KJN; Todd v. Short, 2:12-cv-1887-KJM-KJN; Todd v. Wood et al., 2:13-cv-218-KJM-EFB; Todd v. Crow et al., 2:13-cv-219-JAM-AC; Todd v. Ellis et al., 2:13-cv-273-MCE-AC; Todd v. Bahrke et al., 2:13-cv-657-JAM-CKD; Todd v. Briesenick et al., 2:13-cv-753-KJM-KJN; Todd v. Ellis et al., 2:13-cv-1016-TLN-KJN; Todd v. Canby et al., 2:13-cv-1018-GEB-AC; Todd v. Talton et al., 2:13-cv-1596-LKK-EFB; Todd v. Ross et al., 2:13-cv-1860-LKK-DAD; Todd v. Chatters et al., 2:130cv02007-KJM-DAD; Todd v. Drozd et al., 2:13-cv-2071-KJM-CKD; Todd v. Briesenick et al., 2:13-cv-2231-JAM-CKD.

occasions that judges are absolutely immune from damages for judicial actions taken within the jurisdiction of their courts; that plaintiffs' claims against the superior courts were barred by Eleventh Amendment immunity; and that federal courts were not the proper forum in which to appeal, or seek review of, state court orders made in child custody and family law proceedings. Nevertheless, plaintiff continues to file cases alleging claims of that nature. See, e.g., Todd v. Canby et al., 2:13-cv-1018-GEB-AC, ECF No. 1 (instant case filed May 22, 2013, involving Ninth Circuit Court of Appeals circuit judges Canby and Clifton); Todd v. Ross et al., 2:13-cv-1860-LKK-DAD, ECF No. 1 (case filed on September 9, 2013, including claims against state court commissioner John Ross and the Placer County Superior Court).

In addition to suing courts, judges, and commissioners, plaintiff has also sued court-appointed mediators in his state court custody cases. See Todd v. Shoopman et al., 2:12-cv-1768-JAM-GGH, ECF No. 1 (involving mediator Juanita Shoopman, assigned by the Solano County Superior Court); Todd v. Landrum et al., 2:12-cv-1770-LKK-KJN, ECF No. 1 (involving mediator Paul Landrum, assigned by the Solano County Superior Court). Although the courts in these cases have carefully explained to plaintiff that mediators are entitled to absolute quasi-judicial immunity when performing judge-type duties, plaintiff continues to file cases involving claims against court-appointed mediators based on the recommendations that they made in plaintiff's child custody cases. See, e.g. Todd v. Ellis et al., 2:13-cv-273-MCE-AC, ECF Nos. 1, 8 (case filed on February 13, 2013, again involving mediators Shoopman and Landrum); Todd v. Bahrke et al., 2:13-cv-657-JAM-CKD, ECF Nos. 1, 2 (case filed on April 4, 2013, involving mediators Juan Martinez and James Brentt).

Furthermore, plaintiff has brought lawsuits against social workers, police departments, and county prosecutors for alleged failure to investigate and prosecute certain individuals directly or indirectly involved in plaintiff's child custody cases. See, e.g., Todd v. Ackley et al., 2:12-cv-470-JAM-GGH, ECF No. 2 (involving social worker for Tehama County Child Protective Services); Todd v. Bevins et al., 2:12-cv-708-MCE-KJN, ECF Nos. 1, 8 (involving the Solano County Sheriff's Department); Todd v. Briesenick et al., 2:12-cv-856-MCE-GGH, ECF No. 1 (involving the Davis Police Department and Yolo County); Todd v. Briesenick et al., 2:13-cv-

1   753-KJM-KJN, ECF No. 1 (involving individual officers of the Davis Police Department and
2   individual prosecutors from the Yolo County District Attorney's Office).  In dismissing these
3   cases, the courts have repeatedly explained why plaintiff's Equal Protection Clause, Due Process
4   Clause, and other constitutional claims are deficient in light of binding United States Supreme
5   Court and Ninth Circuit precedent.  Nevertheless, undaunted by these orders, plaintiff continues
6   to file the same types of frivolous claims, many of which are duplicative of claims asserted in
7   prior actions.  See, e.g., Todd v. Ellis et al., 2:13-cv-1016-TLN-KJN, ECF Nos. 1, 4 (case filed
8   May 22, 2013, involving claims against *inter alia* Solano County District Attorney's Office,
9   Solano County Sheriff's Department, Placer County District Attorney's Office, the Davis Police
10  Department, individual officers Bevins and DeWall, etc.).

11         Additionally, although plaintiff has been advised several times that he cannot assert claims
12  under 42 U.S.C. § 1983 against non-state actors, see, e.g. Todd v. Ichikawa et al., 2:12-cv-1379-
13  MCE-GGH, ECF No. 4 at 5; Todd v. Shoopman et al., 2:12-cv-1768-JAM-GGH, ECF No. 3 at 5-
14  6; Todd v. Landrum et al., 2:12-cv-1770-LKK-KJN, ECF No. 4 at 6; plaintiff continues to assert
15  such claims in the vast majority of his cases without plausibly alleging that these individuals are
16  somehow acting under color of state law.  These claims include allegations of constitutional
17  violations attributed to the mothers of his children, Crystal Archer and Sondra Hoffman, as well
18  as other non-state actors who either testified at plaintiff's custody hearings or had some related
19  interactions with plaintiff.  See Todd v. Ellis et al., 2:13-cv-1016-TLN-KJN, ECF Nos. 1, 4 (case
20  filed on May 22, 2013, including claims against the mothers of plaintiff's children, Crystal Archer
21  Williams and Sondra Hoffman); Todd v. Ross et al., 2:13-cv-1860-LKK-DAD, ECF No. 1 (case
22  filed September 9, 2013, including claims against Sondra Hoffman, the mother of plaintiff's
23  child).

24         Several of plaintiff's cases in this court have been expressly found to be frivolous.  See,
25  e.g., Todd v. Ackley et al., 2:12-cv-470-JAM-GGH, ECF No. 7 at 5 ("Plaintiff's complaint is
26  patently frivolous"); Todd v. Shoopman et al., 2:12-cv-1768-JAM-GGH, ECF No. 3
27  ("Accordingly, the undersigned finds that the instant action is not only frivolous but also brought
28  in bad faith"); Todd v. Bevins et al., 2:12-cv-708-MCE-KJN, ECF No. 32 (revoking plaintiff's in

1  forma pauperis status for purposes of appeal of dismissal of action, because appeal was frivolous
2  and not taken in good faith); Todd v. Briesenick et al., 2:12-cv-856-MCE-GGH, ECF No. 11
3  (accord); Todd v. Curtis et al., 2:12-cv-1323-MCE-EFB, ECF No. 12 (accord); Todd v.
4  McElhany et al., 2:12-cv-1378-MCE-EFB, ECF No. 14 (accord); Todd v. Wang et al., 2:12-cv-
5  1769-GEB-JFM, ECF No. 13 (accord).

6  　　　　　The Ninth Circuit Court of Appeals in several cases has denied plaintiff's requests to
7  proceed in forma pauperis on appeal, based on findings that plaintiff's appeals from the district
8  court's dismissals were frivolous.  See, e.g., Todd v. Bevins et al., 2:12-cv-708-MCE-KJN, ECF
9  No. 33; Todd v. Briesenick et al., 2:12-cv-856-MCE-GGH, ECF No. 12; Todd v. McElhany et al.,
10 2:12-cv-1378-MCE-EFB, ECF No. 15; Todd v. Wang et al., 2:12-cv-1769-GEB-JFM, ECF No.
11 14.  In another case, the Ninth Circuit summarily affirmed the district court's dismissal, noting
12 that "the questions raised in this appeal are so insubstantial as not to require further argument."
13 Todd v. Curtis et al., 2:12-cv-1323-MCE-EFB, ECF No. 13.

14 　　　　　Finally, apart from the frivolousness of plaintiff's lawsuits, plaintiff has also imposed, and
15 continues to impose, significant burdens on the court's time and resources by virtue of the length
16 of his complaints, which are frequently accompanied by voluminous exhibits, attachments, and
17 indices.  See, e.g., Todd v. Wood et al., 2:13-cv-218-KJM-EFB (204-page original complaint);
18 Todd v. Ellis et al., 2:13-cv-273-MCE-AC (988-page original complaint and 619-page first
19 amended complaint); Todd v. Bahrke et al., 2:13-cv-657-JAM-CKD (596-page original complaint
20 with additional appendix of 1,180 pages); Todd v. Briesenick et al., 2:13-cv-753-KJM-KJN (471-
21 page original complaint); Todd v. Ellis et al., 2:13-cv-1016-TLN-KJN (1,378-page original
22 complaint); Todd v. Talton et al., 2:13-cv-1596-LKK-EFB, ECF No. 1 (173-page original
23 complaint); Todd v. Ross et al., 2:13-cv-1860-LKK-DAD, ECF No. 1 (354-page original
24 complaint).

25 　　　　　2.　　　Analysis

26 　　　　　The court must insure "the just, speedy, and inexpensive determination of every action
27 and proceeding."  Fed. R. Civ. P. 1.  Actions may not be presented for improper purposes, "such
28 as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ.

7

P. 11(b)(1).  Claims must be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law and must be supported by evidence.  Fed. R. Civ. P. 11(b)(2), (3).  The court cannot tolerate abuse of the judicial process because it wastes judicial time that could be used for other meritorious claims.  De Long v. Hennessey, 912 F.2d 1144, 1148-49 (9th Cir. 1990).

Litigants who abuse the judicial process by repeatedly filing "unmeritorious motions, pleadings, or other papers," or engaging "in other tactics that are frivolous or solely intended to cause unnecessary delay" are vexatious litigants.  Cal. Civ. Proc. Code § 391 (West 2013) (adopted in the Eastern District of California by L.R. 151(b)).  District courts are empowered "to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation" under the All Writs Act, 28 U.S.C. § 1651(a).  Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999).  These orders may prevent litigants from filing further actions until certain requirements are met, such as obtaining leave of court or filing supporting declarations.  Id.  Additionally, "the federal district courts have inherent power to require plaintiffs to post security for costs."  Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994).  The plaintiff may also be required to formally move the court and obtain a court order approving the action before being permitted to continue.  Id.  The Ninth Circuit has said, however, that restricting access to the court system is an "extraordinary remedy that should be narrowly tailored and rarely used."  Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990).

The Ninth Circuit has limited the court's ability to impose these restrictions by requiring that four conditions be met: (1) plaintiff must have adequate notice to oppose the order; (2) an adequate record must be provided, listing the pleadings that led to the court's decision a vexatious litigant order was necessary; (3) the court must make substantive findings that the filings were frivolous or harassing; and (4) the order must be narrowly tailored.  See DeLong v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-58 (9th Cir. 2007).  The court considers "both the number and content of the filings as indicia" when deciding whether a litigant's claims are frivolous.  DeLong, 912 F.2d at 1148

1  (quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)).

2  As outlined above, plaintiff has demonstrated an extensive history of abusing the judicial process in terms of the frivolousness of claims asserted, the number of frivolous lawsuits filed, and the volume of plaintiff's filings and submissions in various cases.  Plaintiff has caused immeasurable strain on the court system in general and this overly-burdened court in particular.[2] Despite previous detailed screening orders by different judges of this court, providing plaintiff with notice regarding the deficiencies of his claims, plaintiff has demonstrated unwillingness to abide by court orders and to curtail his filings to only those that have merit.  Instead, plaintiff continues to re-file the same types of meritless claims, often against the same defendants, in an apparent attempt to harass all those involved in his state court custody proceedings.

While cognizant that restricting access to the court system is an "extraordinary remedy that should be narrowly tailored and rarely used," Moy, 906 F.2d at 470, the undersigned finds such extraordinary remedies are necessary as to this plaintiff.  The court further finds that any restriction short of subjecting plaintiff to a pre-filing review order limiting his ability to proceed in forma pauperis would only continue to burden this court.  As the Northern District of Georgia previously noted in a vexatious litigant order:

> "Proceeding in forma pauperis is a privilege and not a right." Moore v. Hillman, Nos. 4:06-CV-43; 4:06-CV-45, 2006 WL 1313880, at *3 (W.D. Mich. May 12, 2006) (citing Wilson v. Yaklich, 148 F.3d 596, 603 (6th Cir. 1998). Indeed, "[f]ederal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts." Moore, 2006 WL 1313880, at *4 (citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002). Here, "[t]he Court's scarce resources are being consumed by Plaintiff's repetitious, frivolous, and meritless filings." Lundahl v. NAR Inc., 434 F. Supp. 2d 855, 860 (D. Idaho 2006).

---

[2] The Eastern District of California is well-recognized as carrying one of the most heavily weighted caseloads in the country. See U.S. District Courts, Caseload Statistics 2012, Tables C and D, available at http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/FederalJudicialCaseloadStatistics2012.aspx; see also Meyer Mfg. Co. Ltd. v. Telebrands Corp., 2:11-cv-3153 LKK, 2012 WL 1189765 (E.D. Cal. Apr. 9, 2012) (citing the Caseload tables for evidence that the Eastern District of California is more heavily burdened than that of the District of New Jersey, and transferring the case there).

9

Ajuluchuku v. Southern New England School of Law, 2006 WL 2661232, at *7.  Accordingly, the court recommends that plaintiff be declared a vexatious litigant, and that he be subject to a pre-filing review order.

Based on the foregoing, IT IS HEREBY ORDERED THAT plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted; and

IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice;

2. Plaintiff be declared a vexatious litigant; and

3. Any future complaints or petitions filed by plaintiff in the United States District Court for the Eastern District of California (Court) shall be subject to the following pre-filing review order:

    a.    Any future complaint or petition filed by plaintiff in the United States District Court for the Eastern District of California shall contain the sentence "THIS COMPLAINT/PETITION IS FILED SUBJECT TO PRE-FILING REVIEW ORDER IN CASE NO. 13-cv-1018 GEB AC PS" in capital letters in the caption of the complaint or petition.

    b.    If plaintiff submits any further complaint or petition in this Court, the Clerk of the Court shall lodge the complaint or petition and accompanying documents.  The Clerk shall not file the complaint or petition until it is reviewed and a determination is made as to whether it may proceed consistent with paragraph 4(c) of this order.

    c.    Plaintiff shall not be permitted to proceed in forma pauperis in any action filed in this Court unless nonfrivolous allegations of a verified complaint show that he is under imminent danger of serious physical injury or unlawfully restrained in violation of his liberty.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Plaintiff has an opportunity to oppose by filing objections to these findings and recommendations.  Within fourteen days after being served with these findings and recommendations, he may file written objections with the court and serve all parties.  Such documents should be titled "Objections to

Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See generally Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE